**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERESA REYES VILLANUEVA, | No. 19-72215 |
| Petitioner, | Agency No. A200-006-207 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 16, 2020
Seattle, Washington

Before: GOULD and FRIEDLAND, Circuit Judges, and BOUGH,** District
Judge.

Teresa Reyes Villanueva, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

have jurisdiction under 8 U.S.C. §1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We grant the petition for review, and we remand.

The agency accepted as credible Reyes Villanueva's testimony and that of an expert witness, but found that Reyes Villanueva failed to establish that the Salvadoran government was unable or unwilling to control her former partner, Hector, and his fellow gang members. Substantial evidence does not support this finding. Hector severely and repeatedly abused Reyes Villanueva and her family. The Salvadoran government prosecuted and imprisoned Hector but, from prison, Hector extorted Reyes Villanueva, threatened her family, and ordered Reyes Villanueva's death. Gang members attempted to carry out the kill order and brutally murdered a friend who was helping Reyes Villanueva. Documentary evidence, including the Department of State Human Rights Report and expert declarations, indicate that gang members perpetrate criminal activity, including murder, from within prison; prison guards and officials are sometimes complicit in this activity; and gangs have consolidated and expanded their networks from within prison.

In finding that Reyes Villanueva did not establish that the Salvadoran government was unable or unwilling to control Hector, the BIA erred by relying on Hector's imprisonment without considering evidence that gang members order

crimes from within prison. *See Davila v. Barr*, 968 F.3d 1136, 1143 (9th Cir. 2020) (holding that the agency erred by selectively citing evidence); *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069 (9th Cir. 2017) (en banc) (explaining that the agency "must examine all the evidence in the record that bears on the question of whether the government is unable or unwilling to control a private persecutor"); *Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) (holding that the agency erred by focusing "only on the Mexican government's willingness to control Los Zetas, not its *ability* to do so"). Viewed as a whole, the record here does not provide substantial evidence for the agency's conclusion that the Salvadoran government is both willing and able to protect Reyes Villanueva.[1] *See Davila*, 968 F.3d at 1142-43 (holding that the agency's selective reading of the record did not support its conclusion that the Nicaraguan government was both willing and able to protect the petitioner).

We do not reach the parties' contentions as to whether the unable-or-unwilling standard requires a showing that the government is "completely helpless" because the agency did not rely on the "completely helpless" formulation. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they

---

[1] For the same reasons that we grant and remand the petition as to Reyes Villanueva's claim for asylum, we also grant the petition and remand to the BIA to reconsider Reyes Villanueva's application for withholding of removal.

reach).

The BIA did not address whether Reyes Villanueva belonged to a cognizable social group or was persecuted on account of her membership in that social group. We remand so that the BIA may consider these issues for the first time. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) ("[O]ur review is limited to the actual grounds relied upon by the BIA." (citation and internal quotation marks omitted)).

As to CAT, the BIA determined that Reyes Villanueva did not establish the requisite state action, relying on the Salvadoran government's willingness to imprison Hector and other gang members. Because the BIA's reasoning suffers from the same flaws discussed above, substantial evidence does not support this determination. *See Davila*, 968 F.3d at 1144 (holding that, where the agency applied the same erroneous reasoning to CAT that it applied to the unable-or-unwilling standard, substantial evidence did not support the agency's state action finding). We remand for the agency to consider whether Reyes Villanueva suffered past torture and whether it is more likely than not she would be tortured upon removal to El Salvador. *See id.*

The motion for a stay of removal (Docket Entry No. 1) is granted. Reyes Villanueva's removal is stayed pending a decision by the Board of Immigration Appeals.

4                                                                    19-72215

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED and REMANDED.**